```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


HAKIM ALI BRYANT,              :    CIVIL ACTION
        Plaintiff,             :    NO. 10-6111
                               :
                               :
                               :
    v.                         :
                               :
CITY OF PHILADELPHIA, et al.,  :
        Defendants.            :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                            JANUARY 27, 2012


I.   INTRODUCTION

Hakim Ali Bryant ("Plaintiff") brings this civil rights action ("Bryant II")[1] against the City of Philadelphia, Police Officer Hoover ("Hoover"), and the City of Philadelphia Police Officers from the SWAT unit, Joseph Cooney, Manus

---

[1] Plaintiff has another pending case before the Court. See Bryant v. City of Philadelphia, No. 10-3871 [hereinafter Bryant I]. Bryant I involves events that occurred on January 22, 2010, on 10th and Market Streets in Philadelphia. Bryant II involves events that occurred on November 8, 2010 at Plaintiff's mother's home on Sigel Street. Both cases include similar claims, but involve unrelated incidents against different Defendants.

Cassidy, Inocencio Amaro, Cyprian Scott, Sean Leatherbury, Erik Bullock, Todd Lewis, William McDonald, Robert DiBasio, Sgt. Joseph McDonald, and Sgt. Austin Fraser (collectively "Defendants"). Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights, including unreasonable seizure, false arrest, excessive force, and failure to intervene.[2]

Before the Court is Defendants' Motion for Summary Judgment on all of Plaintiff's claims against the City of Philadelphia, and Defendants Hoover, Cooney, Cassidy, Amaro, Scott, Lewis, Sgt. McDonald, DiBiasio, and William McDonald, as well as on his First, Sixth, Eighth, and Fourteenth Amendment claims under 18 U.S.C. § 1983.[3]

For the reasons that follow, the Court will grant Defendants' motion on all of Plaintiff's claims against the City of Philadelphia as well as on all claims pursuant to the First, Sixth, Eighth, and Fourteenth Amendments. The Court will also

---

[2] Although Plaintiff did not specifically articulate all of these claims in his amended complaint, the Court liberally construes his pro se pleading in light of his response to Defendants' motion for summary judgment. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

[3] Defendants Leatherbury, Bullock, and Sgt. Fraser did not move for summary judgment on Plaintiff's unreasonable seizure, false arrest, excessive force, or failure to intervene claims.

2

grant summary judgment in favor of Defendants Hoover, Cooney, Cassidy, Amaro, Scott, Lewis, Sgt. McDonald, DiBiasio, and William McDonald with respect to the excessive force claim, unreasonable seizure claim, false arrest claim, and failure to intervene claims to prevent the use of excessive force, unreasonable seizure and false arrest. Therefore, the case will proceed on Plaintiff's Fourth Amendment claims for unlawful seizure, false arrest, excessive force, and failure to intervene as against Defendants Leatherbury, Bullock, and Sgt. Fraser.

## II. BACKGROUND

Plaintiff alleges that on November 8, 2010, he was at his home watching a movie when the SWAT officers, along with Hoover, knocked on the door. Compl. 3; Bryant Dep. 6:11-13, Defs.' Mot. for Summ. J. Ex. B, ECF No. 16. Janet Armour, Plaintiff's mother, let the Defendants, who had guns drawn, into the home. Compl. 3; Bryant Dep. 6:13-16. The officers stated they had a search warrant and were looking for Sakoue Armour. Compl. 3; Bryant Dep. 6:22-23, 7:11-12.

Plaintiff claims he came out of his room and the SWAT officers ordered Plaintiff to put his hands in the air, which he states he did. Compl. 3; Bryant Dep. 6:18-20. Next, Defendants ordered Plaintiff to the ground and put him in handcuffs. During

all of this, Plaintiff alleges that Defendants jumped on him, walked on his back and put their knees into his back. Compl. 3; see Bryant Dep. 6:22. Additionally, Plaintiff claims that the Defendants held Jane Armour at gunpoint. Plaintiff claims that he was handcuffed for an hour, the Defendants broke Janet Armour's gate, and broke into a locked basement cabinet. Compl. 3; Bryant Dep. 8:12-13, 10:14-19.

Defendant Detective Hoover signed the arrest warrant, but did not make physical contact with the Plaintiff. Sgt. McDonald was a supervisor who did not handcuff or come into physical contact with the Plaintiff. SWAT members DiBiasio and Lewis, and Sgt. McDonald were part of the first floor containment and did not handcuff or make any physical contact with Plaintiff. SWAT members Leatherbury, Bullock, and Sgt. Fraser were part of the second floor containment and William McDonald was the breacher. SWAT members Cooney and Cassidy were the Front containment and did not go to the second floor. SWAT members Amaro and Scott were the rear containment and did not go to the second floor. See Defs.' Mot. for Summ. J. 16; SWAT Unit Service Report, Defs.' Mot. for Summ. J. Exs. E1 & E2.

Plaintiff alleges violations of his First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights. As relief, Plaintiff requests $100,000 in punitive damages, $100,000 for

pain and suffering, $50,000 for mental anguish, and $100,000 for future losses due to the injuries he sustained to his lower back. Compl. 4.

On August 1, 2011, Defendants filed a motion for partial summary judgment. ECF No. 16. Plaintiff filed his response to the motion for partial summary judgment on August 18, 2011. ECF No. 17.

**III. DISCUSSION**

In their motion, Defendants argue that Plaintiff's claims against the Defendant City of Philadelphia fail as a matter of law. Defs.' Mot. for Summ. J. 6-7. They further argue that Plaintiff's First, Sixth, Eighth, and Fourteenth Amendment claims also fail as a matter of law. Id. at 7-8. Defendants finally argue that Plaintiff's Fourth Amendment claims against Defendants Hoover, Cooney, Cassidy, Amaro, Scott, Lewis, Sgt. McDonald, DiBiasio, and William McDonald should be dismissed as none of these officers had personal involvement in committing the alleged violations. Plaintiff does not contest the motion for summary judgment as to Defendant City of Philadelphia nor does he contest the motion to dismiss as to his First, Sixth, Eighth, and Fourteenth Amendment claims. However, he does argue that there are genuine issues of material fact as to his

excessive force, unlawful seizure,[4] false arrest and failure to intervene claims. Pl.'s Resp. 8-13.

A. Standard of Review

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The Court will view the facts in the light most favorable to the nonmoving party. "After making all reasonable

---

[4] The Plaintiff vacillates in his complaint and arguments between claiming he was unlawfully seized and falsely arrested. See Pl.'s Resp. 6, 8-10. The Defendants analyze Plaintiff's claims through the lens of unlawful seizure. See Defs.' Mot. for Summ. J. 8. For the purposes of this summary judgment, the Court will assume that Plaintiff has made separate claims for unlawful seizure and false arrest. See supra note 1.

inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

B.   42 U.S.C. § 1983 Standard

Section 1983 provides a cause of action for an individual whose constitutional rights are violated by those acting under the color of state law.[5] See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002). The threshold inquiry in a § 1983 suit is whether the plaintiff has been deprived of a right "secured by the Constitution and laws" of the United States.

---

[5]   Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (2006).

Baker v. McCollan, 443 U.S. 137, 140 (1979). Absent a violation of a right secured by the Constitution or the laws of the United States by a person acting under color of state law, there can be no cause of action under § 1983. Reichley v. Pa. Dep't of Agric., 427 F.3d 236, 244 (3d Cir. 2005) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). In deciding whether to grant summary judgment on Plaintiff's claims, therefore, the Court must determine whether Plaintiff was, indeed, deprived of any rights secured by the Constitution or laws of the United States.

    C.    <u>Claims Against the City of Philadelphia</u>

Plaintiff alleges that Defendant City of Philadelphia is liable under 42 U.S.C. § 1983 for constitutional violations caused by the wrongful and improper conduct of Defendant Hoover, and the City of Philadelphia Police Officers from the SWAT unit, Defendants Joseph Cooney, Manus Cassidy, Inocencio Amaro, Cyprian Scott, Sean Leatherbury, Erik Bullock, Todd Lewis, William McDonald, Robert DiBasio, Sgt. Joseph McDonald, and Sgt. Austin Fraser. Defendant City of Philadelphia asserts that Plaintiff has adduced no evidence to suggest that the alleged violations resulted from a municipal "custom" or "policy" of deliberate indifference to the rights of citizens.

A municipality is liable under 42 U.S.C. § 1983 when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation. Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991) (citing Monell v. N.Y. Dep't of Social Servs., 436 U.S. 658 (1978)). Liability will be imposed when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the "moving force" behind the constitutional tort of one of its employees. Id. (citing Polk Cnty v. Dodson, 454 U.S. 312 (1981)). Liability cannot be predicated, however, on a theory of respondeat superior or vicarious liability. Id. (citing Monell, 436 U.S. at 693-94).

Aside from naming the City of Philadelphia as a Defendant, Plaintiff has presented no affirmative evidence, including in the current motion before the Court, that the alleged violations of his constitutional rights resulted from city employees executing an officially adopted policy or pursuing a municipal custom within the meaning of § 1983. Thus, the Court will grant Defendant City of Philadelphia's motion for summary judgment and enter judgment in favor of Defendant City of Philadelphia on all claims against it.

D.   First, Sixth, Eighth, and Fourteenth Amendment Claims

Plaintiff, in the case at bar, asserts unreasonable seizure, false arrest, excessive force and failure to intervene claims under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments, arising from allegations that Defendants seized him without probable cause in violation of § 1983. Defendants argue that Plaintiff's Complaint does not set forth any facts that would invoke constitutional protections under the First, Sixth, Eighth, or Fourteenth Amendments. As Plaintiff has not alleged claims pursuant to the First, Sixth, Eighth, and Fourteenth Amendments, only the Fourth Amendment claims should proceed.

In Albright v. Oliver, the Supreme Court held that "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, [and] not the more generalized notion of substantive due process, must be the guide for analyzing these claims." 510 U.S. 266, 273 (1994); see also Dintino v. Echols, 243 F. Supp. 2d 255, 263 (E.D. Pa. 2003) (Robreno, J.) ("The Fourth Amendment provides an explicit textual source of constitutional protection against arrest without probable cause."). The Supreme Court, in Albright, explicitly stated that only the Fourth Amendment may serve as a guide for analyzing § 1983 claims of pretrial deprivations of

10

liberty. 510 U.S. at 273. Furthermore, Plaintiff does not contest in his response that he has failed to allege proper claims pursuant to the First, Sixth, Eighth, and Fourteenth Amendments. Therefore, the Court will grant Defendants' motion for summary judgment and will enter judgment in favor of all Defendants on Plaintiff's claims under the First, Sixth, Eighth, and Fourteenth Amendments.

> E. Claims Against Defendants Hoover, Cooney, Cassidy, Amaro, Scott, Lewis, Sgt. McDonald, DiBiasio, and William McDonald.

Defendants Hoover, Cooney, Cassidy, Amaro, Scott, Lewis, Sgt. McDonald, DiBiasio, and William McDonald argue that as they had no personal involvement in the alleged wrongdoings, summary judgment should be granted in their favor on all claims. In his response, Plaintiff argues that as all of the Defendant officers were in his home during his unlawful seizure and false arrest, each officer intentionally deprived the Plaintiff of his civil rights in failing to intervene.

A defendant in a civil rights action pursuant to 42 U.S.C. § 1983 must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077,

11

1082 (3d Cir. 1976). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Where "'a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under § 1983.'" Smith v. Mensinger, 293 F.3d 641, 650-51 (3d Cir. 2002) (quoting Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986)). More specifically, if a police officer is present when another officer violates a citizen's constitutional rights, the first officer is liable under § 1983 if that officer had reason to know that a constitutional violation, such as excessive force, was being used, and that officer had "a reasonable and realistic opportunity to intervene." Smith, 293 F.3d at 651; see Johnson v. De Prospo, No. 08-1813, 2010 WL 5466255, at *4 (D.N.J. Dec. 30, 2010). Courts have held that such an opportunity exists only when excessive force is used "in [the officer's] presence or otherwise within his knowledge," Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972), or if the officer saw his colleague use excessive force or had time to reach him. Putman v. Gerloff, 639 F.2d 415, 423-24 (8th Cir. 1981).

12

Defendants argue that the evidence, including Plaintiff's deposition testimony and the SWAT unit service report, limits any alleged handcuffing and contact to two or three SWAT members. See Defs.' Mot. for Summ. J. 10. According to the police documents, the SWAT members who entered the second floor during Plaintiff's seizure were Defendants Leatherbury, Bullock, and Sgt. Fraser. SWAT Unit Service Report 2. Plaintiff's testimony confirms that he was seized by "three or two" officers on the second floor who told him to "put [his] hands in the air . . . [and to] get on the floor." Bryant Dep. 6:17-24. Plaintiff states that these officers subsequently "jumped on [him]," handcuffed him and took him down to the first floor. Id. at 6:22 & 7:18-20. Additionally, Plaintiff states:

> The lady came in, Hoover, she came in, she came up with another guy, but he wasn't in a SWAT uniform he just had regular clothes on. . . . They went upstairs and whatever they searched – but they was searching when they had me upstairs, but then she came in with them and started searching around and they came back downstairs. And then after an hour they took the handcuffs off me and let me go.

Id. at 8:14-26, 8:22-24 & 9:1-2. Since Plaintiff has produced no evidence that any Defendants other than Leatherbury, Bullock, and Sgt. Fraser were personally involved in the unreasonable seizure of, false arrest of or use of excessive force against the Plaintiff, summary judgment will be granted in favor of

13

Defendants Hoover, Cooney, Cassidy, Amaro, Scott, Lewis, Sgt. McDonald, DiBiasio, and William McDonald on these claims.

While it is undisputed that Defendants Leatherbury, Bullock, and Sgt. Fraser participated in the seizure and transportation of the Plaintiff from the second floor to the first floor, the issue in connection with Plaintiff's failure to intervene claims is whether Defendants Hoover, Cooney, Cassidy, Amaro, Scott, Lewis, Sgt. McDonald, DiBiasio, and William McDonald had reason to know that Plaintiff's constitutional rights allegedly were being violated and had "a reasonable and realistic opportunity" to intervene. Plaintiff asserts that in addition to the officers who participated in his unlawful seizure and false arrest, Defendants Hoover, Cooney, Cassidy, Amaro, Scott, Lewis, Sgt. McDonald, DiBiasio, and William McDonald observed Plaintiff being unreasonably seized and falsely arrested with excessive force. Pl.'s Resp. 9.

The evidence adduced during discovery reflects that Defendants Hoover, Cooney, Cassidy, Amaro, Scott, Lewis, Sgt. McDonald, DiBiasio, and William McDonald did not observe the events on the second floor when Plaintiff was allegedly being seized, arrested and assaulted by Defendants Leatherbury, Bullock, and Sgt. Fraser. The Plaintiff has not adduced any evidence that these Defendants were personally involved in, or

had any knowledge of, the unlawful seizure, false arrest, or alleged use of excessive force occurring on the second floor against the Plaintiff. If these alleged offenses occurred at all, it was upstairs where Defendants Hoover, Cooney, Cassidy, Amaro, Scott, Lewis, Sgt. McDonald, DiBiasio, and William McDonald did not have a reasonable and realistic opportunity to intervene. Accordingly, summary judgment will be granted and judgment will be entered in favor of Defendants Hoover, Cooney, Cassidy, Amaro, Scott, Lewis, Sgt. McDonald, DiBiasio, and William McDonald with respect to the failure to intervene claims to prevent unreasonable seizure, false arrest and excessive force.

## IV. CONCLUSION

For the reasons provided above, the Court will grant Defendants' summary judgment motion as to all claims against Defendant City of Philadelphia and as to all of Plaintiff's claims to the extent they are brought under the First, Sixth, Eighth, and Fourteenth Amendments.

The Court will also grant summary judgment in favor of Defendants Hoover, Cooney, Cassidy, Amaro, Scott, Lewis, Sgt. McDonald, DiBiasio, and William McDonald with respect to the excessive force, unreasonable seizure, false arrest, and failure

15

to intervene claims to prevent the use of excessive force, unreasonable seizure and false arrest.

In sum, given that Defendants Leatherbury, Bullock and Sgt. Fraser have not moved for summary judgment as to Plaintiff's Fourth Amendment unlawful seizure, false arrest, excessive force, and failure to intervene claims, only these claims survive from Plaintiff's amended complaint and will proceed to trial.

An appropriate order shall follow.